[No. 11949-4-I.   Division One.   December 17, 1984.]

FRIENDS OF CYPRESS ISLAND, *Appellant*, v. BERT COLE, ET AL, *Respondents*.

*Gary T. Jones*, for appellant.

*Kenneth O. Eikenberry, Attorney General, Theodore O. Torve, Senior Assistant,* and *James R. Johnston, Assistant,* for respondent Cole.

*Frank B. Carr*, for respondent Hanson Properties.

WILLIAMS, J.—On January 16, 1981, Friends of Cypress Island, a not for profit corporation, brought this action, pursuant to RCW 79.01.500,[1] seeking review of the Com-

---

[1]RCW 79.01.500 provides, in pertinent part,

"Court review of actions. Any applicant to purchase, or lease, any public lands of the state, or any valuable materials thereon, and any person whose property rights or interests will be affected by such sale or lease, feeling himself aggrieved by any order or decision of the board of state land commissioners, or the commissioner of public lands, concerning the same, may appeal therefrom to the superior court of the county in which such lands or materials are situated, by serving upon all parties who have appeared in the proceedings in which the order or decision was made, or their attorneys, a written notice of appeal, and filing such notice,

missioner of Public Lands' grant of a lease of and an easement over public lands to Hanson Properties, Inc. On March 26, 1982, Friends requested the Commissioner to certify to the superior court a transcript of the records in the case, as required by RCW 79.01.500. On May 26, 1982, Hanson moved to dismiss this action under CR 41(b)(1) for want of prosecution. On June 17, 1982 this motion was granted. Friends appeal.

The issue is whether the trial court erred in dismissing Friends' action for want of prosecution. CR 41(b)(1) provides:

> *Want of Prosecution on Motion of Party.* Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff, counterclaimant, cross claimant, or third party plaintiff neglects to note the action for trial or hearing within 1 year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after 10 days' notice to the adverse party. If the case is noted for trial before the hearing on the motion, the action shall not be dismissed.

As seen from RCW 79.01.500, set out in the margin, the procedure is as follows:

1. The person aggrieved by a decision of the Commis-

---

with proof, or admission, of service, with the board, or the commissioner, within thirty days from the date of the order or decision appealed from, and at the time of filing the notice, or within five days thereafter, filing a bond to the state, in the penal sum of two hundred dollars, with sufficient sureties, to be approved by the secretary of the board, or the commissioner, conditioned that the appellant shall pay all costs that may be awarded against him on appeal, or the dismissal thereof. Within thirty days after the filing of notice of appeal, the secretary of the board, or the commissioner, shall certify, under official seal, a transcript of all entries in the records of the board, or the commissioner, together with all processes, pleadings and other papers relating to and on file in the case, except evidence used in such proceedings, and file such transcript and papers, at the expense of the applicant, with the clerk of the court to which the appeal is taken. The hearing and trial of said appeal in the superior court shall be de novo before the court, without a jury, upon the pleadings and papers so certified, but the court may order the pleadings to be amended, or new and further pleadings to be filed."

sioner of Public Lands serves a written notice of appeal upon all other parties and files it with the Commissioner together with a bond.

2. Within 30 days, the Commissioner certifies and files with the superior court a transcript of all entries in his record and all processes, pleadings and other papers relating to the case, except evidence used in the proceedings.

3. The superior court may order that new or amended pleadings be filed.

4. The superior court conducts a trial de novo upon the certified pleadings and papers and additional pleadings, if any.

It can be readily seen that the issues to be resolved in the trial de novo are to be found in the Commissioner's transcript or in the new or amended pleadings ordered by the trial court. The notice of appeal presents no issues. In this case it only stated that Friends "appeals from the grant of Right–of–Way No. 43666 and Lease No. 11720, as executed by BERT COLE in his official capacity as Washington State Commissioner of Public Lands. . . ." Accordingly, because the Commissioner has not filed a transcript with the superior court and the superior court has not ordered that new or amended pleadings be filed, no issues of law or fact have been joined and dismissal under CR 41(b)(1) was improper.

Reversed and remanded.

CORBETT, A.C.J., and RINGOLD, J., concur.